**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 24-12590 |
| REDLINE METALS, INC. | Chapter 11 |
| Debtor. | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

TO:  See service list

**PLEASE TAKE NOTICE**, on Tuesday, February 25, 2025, at 1:00 PM, the undersigned counsel will appear before the Honorable Jacqueline P. Cox or any judge sitting in that judge's place, either in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, or electronically as described below, and present ***OLD SECOND NATIONAL BANK'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS PURSUANT TO 11 U.S.C § 503(b) AND § 507(b)***, a copy of which is attached.

**Important**: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669- 254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 273 2896**, and **778135**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: February 17, 2025                    **OLD SECOND NATIONAL BANK**

                                             By: _____
                                             One of its attorneys

1

Kurt M. Carlson ILARDC#06236568
Lina Toma ILARDC #6333468
CARLSON DASH, LLC
216 South Jefferson, Suite 303
Chicago, IL 60661
Telephone:  312-382-1600
Email:  kcarlson@carlsondash.com
Email:  ltoma@carlsondash.com

### CERTIFICATE OF SERVICE

I, Lina Toma, an attorney, certify that on February 17, 2025, I electronically filed a copy of **OLD SECOND NATIONAL BANK'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS PURSUANT TO 11 U.S.C § 503(b) AND § 507(b)**, with the Clerk of the Court using the CM/ECF system which will send notification to the following by ECF:

Gregory Adamo on behalf of Creditor Chicago Industrial TT, LLC
adamo@ccmlawyer.com, hoekstra@ccmlawyer.com, huerta@ccmlawyer.com

David A Agay on behalf of Creditor Diemasters Manufacturing, Incorporated
dagay@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

Joseph Allen Archambeau on behalf of Creditor Silgan Containers LLC
JArchambeau@ClarkHill.com

Allison J Arotsky on behalf of Creditor Flagstar Financial & Leasing, LLC
aarotsky@moritthock.com

Paul M. Bach on behalf of Debtor 1 Redline Metals, Inc.
paul@bachoffices.com, pnbach@bachoffices.com; bachecf@gmail.com;
bach.paulm.b122358@notify.bestcase.com

Penelope N Bach on behalf of Debtor 1 Redline Metals, Inc.
pnbach@bachoffices.com, bachecf@gmail.com; paul@bachoffices.com;
bachpr57277@notify.bestcase.com; bach.penelopen.b122358@notify.bestcase.com;
bachpr57277@notify-prod.bestcase.com

Matthew Thomas Barr on behalf of Creditor M & K Truck Leasing of Illinois, LLC dba M & K NationaLease
mbarr@rubin-levin.net, mralph@rubin-levin.net

Jory Berg on behalf of Creditor Diemasters Manufacturing, Incorporated
jberg@mcdonaldhopkins.com

Karen C. Bifferato on behalf of Creditor Airgas USA, LLC
kbifferato@connollygallagher.com, kconlan@connollygallagher.com

2

Adam Brief
Ustpregion11.es.ecf@usdoj.gov

James D Bruhn on behalf of Creditor Oberg Freight Company
jbruhn@farwellbruhn.com, jbruhn@gmail.com;msullivanpope@farwellbruhn.com

Edmond M Burke on behalf of Creditor Revcor, Inc.
eburke@chuhak.com, mvasquez@chuhak.com

Kurt M. Carlson on behalf of Creditor Old Second National Bank
kcarlson@carlsondash.com, knoonan@carlsondash.com;bmurzanski@carlsondash.com

Mark A Carter on behalf of Creditor B&B Metals Processing Co., Inc.
mcarter@hinshawlaw.com, grodriguez@hinshawlaw.com,courtfiling@hinshawlaw.com

John J Chitkowski on behalf of Attorney Chitkowski Law ALTA Enterprises, LLC d/b/a ALTA
Construction Equipment Illinois LLC
jjc@chitkowskilaw.com, sjt@chitkowskilaw.com; slm@Chitkowskilaw.com

Amy E Daleo on behalf of Creditor Charter Steel Trading Co., Inc.
adaleo@cohonraizes.com

Alex Darcy on behalf of Creditor De Lage Landen Financial Services, Inc.
adarcy@darcydevassy.com, smccarthy@darcydevassy.com

William J Factor on behalf of Creditor FIC America Corp.
wfactor@wfactorlaw.com, wfactorlaw@gmail.com; bsass@wfactorlaw.com;
wfactor@ecf.courtdrive.com; factormyecfmail@gmail.com;factorwr43923@notify.bestcase.com

Thomas R. Fawkes on behalf of Creditor Committee Official Committee of Unsecured Creditors
thomas.fawkes@tuckerellis.com, christine.cassidy@tuckerellis.com; brian.jackiw@tuckerellis.com

Timothy R Herman on behalf of Creditor Silgan Containers LLC
therman@clarkhill.com, spimlikitsak@clarkhill.com

Gregory J Jordan on behalf of Creditor Cynthia Wong Williams
gjordan@jz-llc.com, jordan.gregoryr99818@notify-prod.bestcase.com

Patrick C Keeley on behalf of Creditor Superior Personnel
pkeeley@pkalaw.com, iutim@aol.com;jsingleton@pkalaw.com; mtader@pkalaw.com;
tjackson@pkalaw.com; djohnsonjr@pkalaw.com; ledland@pkalaw.com

Bryan R Kelsey on behalf of Attorney Chitkowski Law ALTA Enterprises, LLC d/b/a ALTA
Construction Equipment Illinois LLC
brk@chitkowskilaw.com, slm@chitkowskilaw.com;sjt@chitkowskilaw.com

Clayton G Kuhn on behalf of Creditor Sumitomo Mitsui Finance and Leasing Co., Ltd.
ckuhn@sandbergphoenix.com, rhileman@sandbergphoenix.com

Richard G Larsen on behalf of Creditor DuPage Machine Products
rlarsen@springerbrown.com, aoloughlin@springerbrown.com

John A Lipinsky on behalf of Creditor Chicago Industrial TT, LLC
lipinsky@ccmlawyer.com, Haskell@ccmlawyer.com;hoekstra@ccmlawyer.com

John J Lynch on behalf of Creditor Executive Recycling
jlynch@lynch4law.com, flynch@lynch4law.com;r44065@notify.bestcase.com

Eric J Malnar on behalf of Creditor Matthew D. Benoist
emalnar@huckbouma.com

Morgan I Marcus on behalf of Creditor Old Second National Bank
mmarcus@carlsondash.com, cprochnow@carlsondash.com

Nathan R. Mather on behalf of Creditor Sycamore Creek Trucking
nmather@slhlaw.com, skwood@slhlaw.com

Nora J. McGuffey on behalf of Creditor Methode Electronics, Inc.
nora.mcguffey@foley.com

John R O'Connor on behalf of Creditor KKSP Precision Machining, LLC
joconnor@lplegal.com,
nbailey@lplegal.com;ikropiewnicka@lplegal.com;kpatton@lplegal.com;druiz@lplegal.com

Roenan Patt on behalf of Creditor Safran Metals Co.
rpatt@lgattorneys.com, cmaas@lgattorneys.com

Lars A Peterson on behalf of Creditor MacLean - Fogg Component Solutions LLC
lpeterson@wfactorlaw.com, bsass@wfactorlaw.com;lpeterson@wfactorlaw.com

Edgar A Quintero on behalf of Creditor Revcor, Inc.
equintero@chuhak.com, ytorres@chuhak.com

Suhey Ramirez on behalf of Acting U.S. Trustee Adam Brief
suhey.ramirez@usdoj.gov

Adam B. Rome on behalf of Creditor CR 1255 Gilford, LLC
arome@grglegal.com, abernath@grglegal.com

Todd J Ruchman on behalf of Creditor JPMORGAN CHASE BANK, N.A.
amps@manleydeas.com

Scott N. Schreiber on behalf of Creditor Silgan Containers LLC
sschreiber@clarkhill.com, blambert@clarkhill.com

Jason T Singleton on behalf of Creditor Superior Personnel
jsingleton@pkalaw.com

Lina Toma on behalf of Creditor Old Second National Bank
ltoma@carlsondash.com, bmurzanski@carlsondash.com

Jason M Torf on behalf of Creditor Committee Creditors' Committee
jason.torf@tuckerellis.com, christine.cassidy@tuckerellis.com

Alex J Whitt on behalf of Creditor FIC America Corp.
awhitt@wfactorlaw.com, bsass@wfactorlaw.com;awhitt@ecf.courtdrive.com

Charles R Woolley on behalf of Creditor De Lage Landen Financial Services, Inc.
rwoolley@darcydevassy.com, mwackenhut@darcydevassy.com

Mark R Zito on behalf of Interested Party David Wong
mzito@jz-llc.com

Non-Registrants (Service via E-Mail):
Reline Metals, Inc.  c/o Andrew Cameron, Chief Restructuring Officer   AJC@rallyllc.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 24-12590 |
| REDLINE METALS, INC. | Chapter 11 |
| Debtor. | Honorable Jacqueline P. Cox |

## MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS
## PURSUANT TO 11 U.S.C § 503(b) AND § 507(b)

Old Second National Bank (the "Secured Creditor"), herein by its attorneys, moves this Court pursuant to 11 U.S.C § 503(b) and 11 U.S.C § 507(b) to compel allowance and payment of an administrative expense claim in the amount of $5,487,798.00 which holds a priority position to other claims, in support thereof, Secured Creditor states:

### JURISDICTION

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334. The motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

### BACKGROUND

2. On June 25, 2021, Redline Metals, Inc. executed that certain Promissory Note in the original principal amount of $5,000,000.00 in favor of West Suburban Bank with a maturity date of June 25, 2026 (the "Term Loan").

3. In December of 2021, West Suburban Bank merged with Old Second National Bank.

4. On June 25, 2022, Redline Metals, Inc. executed that certain Promissory Note in the original principal amount of $1,500,000.00 in favor of Old Second National Bank with a maturity date of June 25, 2026 for loan ending in x234 (the "Equipment Loan").

1

5. On October 30, 2023, Redline Metals, Inc. executed that certain Promissory Note in the original principal amount of $11,000,000.00 in favor of Old Second National Bank for a revolving line of credit for loan ending in x423 ("Revolving Line of Credit"). The Revolving Line of Credit was to mature on February 28, 2024 and is an amendment of a prior note dated November 22, 2022.

6. Redline Metals, Inc. also executed a Business Loan Agreement (Asset Based) on October 30, 2023 in favor of Old Second National Bank (the "Loan Agreement").

7. To secure the Revolving Loan and future advances, Redline Metals, Inc. executed that certain Commercial Security Agreement on October 30, 2023 (the "Security Agreement") which grants the Bank a security interest in the Redline Metals, Inc.'s assets, including but not limited to, all of Redline Metals, Inc.'s inventory, equipment, accounts, chattel paper, instruments, deposit accounts, and money.

8. On August 27, 2024, the Debtor filed a voluntary Chapter 11 petition to initiate this case. Since the commencement of the case, more than fourteen (14) interim orders were entered whereby the Secured Creditor allowed the Debtor the use of its cash collateral.

9. On February 14, 2025, this Court entered an Order setting the deadline for filing of motions for adjudication of administrative claims to February 17, 2025.

## ARGUMENT

10. Bankruptcy Code Section 503(b)(1)(A) provides that: "After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including ...1(A) the actual, necessary costs and expenses of preserving the estate..." *See* 11 U.S.C § 503(b)(1)(A).

11. *In re Renaissance Residential of Countryside, LLC* provides that "The burden of proving entitlement to an administrative expense is on the claimant and the standard of proof is a preponderance of the evidence. *Nat'l* Steel, 316 B.R. at 300. In general, a claim will be afforded priority under § 503(b)(1)(A) if "the debt both (1) 'arise[s] from a transaction with the debtor-in-possession' and (2) is 'beneficial to the debtor-in-possession in the operation of the business.'" *See In re Renaissance Residential of Countryside, LLC* 423 B.R. 848, 859 (Bankr. N.D. Ill. 2010) quoting *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 773 (7th Cir. 2004) (*quoting In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984)).

12. The Secured Creditor allowed use of its collateral as evidenced by the fourteen interim orders on use of cash collateral. A copy of the fourteen interim orders is attached hereto, collectively, as **Exhibit A**.

13. The Interim Orders Authorizing the Use of Cash Collateral allow for Secured Creditor to be provided with priority for its administrative expense claim as noted in the Paragraphs that were made part of these Interim Orders, *See* Exhibit A. The Interim Orders stated that:

> As further adequate protection, Senior Secured Creditor shall have an allowed administrative expense priority claim under Sections 503(b) and 507(b) in the unpaid amount of the Debtor's obligations owing to Senior Secured Creditor up to the amounts expended by reason of the Debtor's use of the cash collateral that has been or will be utilized from the onset of the petition date throughout the duration that the Debtor is authorized to use cash collateral, until such payments are made in full or such time as the automatic stay is terminated in favor of Senior Secured Creditor. Such administrative expense claim shall be paid in full, or Debtor shall obtain Senior Secured Creditor's written consent as to payment, prior to confirmation of a plan of reorganization. The adequate protection payments shall be paid first to post-petition interest, costs and attorney's fees, followed by pre-petition interest, costs and attorney's fees before application to the principal balance.

14. The use of cash collateral benefited the Debtor and its estate by allowing the Debtor to continue operations and to reach closing for the sale of its assets. *See In re Blumer*, 95 B.R. 143,

3

147 (9th Cir. B.A.P. 1988) citing 2 *Collier on Bankruptcy* ¶ 364.02 (15th Ed. 1988) and 3 *Collier on Bankruptcy* ¶ 503.04 [I][a][i] (extension of credit in the ordinary course of business gives rise to allowable administrative expense under Section 503(b)(1)).

15. Without the use of such cash collateral, the estate could not operate or sell its assets.

16. *In re Callas* states that, "Furthermore, an administrative claim granted under a cash collateral order as adequate protection has priority over every other claim. 11 U.S.C. § 507(b)." *See In re Callas*, 2015 Bankr. Lexis 1420 (Bankr. N.D. Ill 2015). That is the case here where the Interim Orders on Use of Cash Collateral granted such priority.

17. Here, from the commencement of the bankruptcy case to December 31, 2024, the Debtor used $5,487,798.00 of Secured Creditor's cash collateral in order to continue its operations, these amounts do not include additional amounts used by Debtor after December 31, 2024 for which the Secured Creditors reserves the right to amend this Motion to include. A copy of the Monthly Operating Report filed for the time period of August 2024 through December 2024 are attached hereto, collectively, as **Exhibit B**.

18. Finally, Section 503(b)(1) of the Bankruptcy Code does not expressly include a due date for the payment of an administrative claim. However, bankruptcy courts have discretion to require the immediate payment of such administrative claims. *See e.g., In re Global Home Prods., LLC*, Case No. 06-10340 (KG), 2006 WL 3791955, at 3 (Bankr. D. Del. Dec. 21, 2006).

19. Therefore, not only does the Secured Creditor have an allowable administrative expense claim but it maintains priority over other claimants pursuant to 11 U.S.C § 507(b) and the Interim Orders further confirm this priority position.

**WHEREFORE**, Old Second National Bank prays that this Court enter an order (i) allowing Old Second National Bank a priority administrative expense claim in the amount of

$5,487,798.00; (ii) directing the Debtor to pay Old Second National Bank's allowed claim within 15 days of entry of an order granting this motion; and (iii) providing such other relief as this Court deems just and proper.

Dated: February 17, 2025         **OLD SECOND NATIONAL BANK**

By: _____
One of its attorneys

Kurt M. Carlson ILARDC#06236568
Lina Toma ILARDC #6333468
CARLSON DASH, LLC
216 South Jefferson, Suite 303
Chicago, IL 60661
Telephone: 312-382-1600
Email: kcarlson@carlsondash.com
Email: ltoma@carlsondash.com

5